UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID IVERSON, | : | |
|     Plaintiff | : | CASE NO. 3:12-CV-1897 |
| | : | |
| v. | : | |
| | : | (JUDGE NEALON) |
| LIEUTENANT FLOWERS, ET AL., | : | |
|     Defendants | : | |

## MEMORANDUM

### Background

On September 24, 2012, Plaintiff, David Iverson, an inmate confined at the State Correctional Institution in Graterford, Pennsylvania ("SCI-Graterford") filed a civil rights action pursuant to 42 U.S.C. § 1983 for events that occurred while Plaintiff was housed at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"). (Doc. 1). Plaintiff filed an amended complaint on September 24, 2013, again alleging violations relating to events that occurred at SCI-Camp Hill. (Doc. 39). Presently pending is Plaintiff's motion for injunctive relief filed on April 1, 2014. (Doc. 47).

### Discussion

In his motion for injunctive relief, Plaintiff contends that, on February 27, 2014, when he was transferred from SCI-Frackville to SCI-Graterford, he did not receive all of his property. (Doc. 48, p. 1). A motion for a preliminary injunction

filed by a pro se prisoner is governed by Rule 65 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 65. According to the United States Court of Appeals for the Third Circuit:

> Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994); see also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001). A preliminary injunction is an extraordinary form of relief, and "it is a movant's burden to show that the preliminary injunction must be the only way of protecting the plaintiff from harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992).

Moreover, pursuant to Rule 65, in order to prove entitlement to preliminary injunctive relief, a plaintiff must establish a nexus between the conduct asserted in the complaint and the injury claimed in the motion. See Watson v. Fisher, 2013 U.S. Dist. LEXIS 98658, *6-7 (W.D. pa. July 16, 2013). The court does not have jurisdiction to bind non-parties to the action unless they are sufficiently connected. See Lyons v. Wetzel, 2013 U.S. Dist. LEXIS 112652 (M.D. Pa. July 12, 2013);

Glazewski v. Corzine, 2008 U.S. Dist. LEXIS 57604, *5-6 (D. N.J. 2008) (finding that while the complaint raised events occurring at one state prison, the motion for an injunction concerned matters occurring on a later date at another state prison); see also Santiago v. Walls, 196 Fed. Appx. 416, 417 (7th Cir. 2006), writ denied 549 U.S. 1022 (2006) (denying the prisoner's motion for injunctive relief because "the motion concerned Pontiac guards who were neither defendants in the action nor alleged to be under the control of the Menard defendants").

In this case at hand, Plaintiff has not established a nexus between the conduct asserted in his complaint or his amended complaint, in which he alleges that his conditions of confinement rights were violated when he was placed in a restraint chair at SCI-Camp Hill, and the injury claimed in his motion, which is that he did not receive all his property when he was transferred from SCI-Frackville to SCI-Graterford. While Plaintiff argues that the actors were acting in concert together, he has failed to allege any facts to support this allegation. (Doc. 48, pp. 1-3). There are no facts connecting the parties of the complaint or amended complaint to the non-parties against whom he alleges did not transfer all of his property to him during a transfer that did not involve SCI-Camp Hill.

As such, it is determined that Plaintiff's motion for preliminary injunctive

relief will be denied.

A separate Order will be issued.

**Date**: March 25, 2015

**/s/ William J. Nealon**
**United States District Judge**